

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

EVAN SOROKIN,

               Plaintiff,

    v.

NATIONAL VAN LINES, INC. AND
LNJ NATIONAL MOVERS,

               Defendants.

NO. 02-4434

Civil Action

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the motion of defendants National Van Lines, Inc. and LNJ National Movers to dismiss the complaint of plaintiff Evan Sorokin, and any response thereto, it is hereby ORDERED and DECREED that the defendants' motion is GRANTED.  It is hereby further ORDERED and DECREED that the plaintiff's complaint is dismissed with prejudice.

BY THE COURT:

_____

                                      , J.



## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

EVAN SOROKIN,                              :
:
                          Plaintiff,       :
:
            v.                             :    NO. 02-4434
:
NATIONAL VAN LINES, INC. AND               :
LNJ NATIONAL MOVERS,                       :    Civil Action
:
                          Defendants.      :    ☐☐☐ JUL 3 2002
:

## MOTION OF DEFENDANTS NATIONAL VAN LINERS, INC. AND
## LNJ NATIONAL MOVERS TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, National Van Liners, Inc. ("National") and LNJ National Movers

("LNJ") (collectively the "defendants"), by their attorneys, Fox, Rothschild, O'Brien &

Frankel, LLP, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move to

dismiss complaint of plaintiff, Evan Sorokin ("Sorokin"), against defendants for failure to

state a claim upon which relief can be granted.  In support of their motion, defendants

rely on the attached memorandum of law, affidavit and exhibits hereto.

_____
Joshua Horn, Esquire
FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP
2000 Market Street, Tenth Floor
Philadelphia, PA  19103
(215) 299-2000

Date:  July 3, 2002

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

EVAN SOROKIN,                          :
                                       :
                       Plaintiff,      :
                                       :
           v.                          :        NO.
                                       :
NATIONAL VAN LINES, INC. AND           :
LNJ NATIONAL MOVERS,                   :        Civil Action
                                       :
                                       :        ▨▨▨ JUL 3 2002'
                       Defendants.     :

MEMORANDUM OF LAW OF DEFENDANTS
IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendants, National Van Lines, Inc. ("National"), and LNJ National Movers ("LNJ")

(collectively the "defendants"), submit this memorandum of law in support of their motion to

dismiss the complaint of plaintiff, Evan Sorokin ("Sorokin"), pursuant to Federal Rule of Civil

Procedure 12(b)(6).[1]   For the reasons set forth more fully below, the complaint against

defendants should be dismissed, with prejudice.

I.     **INTRODUCTION**

Simply stated, Sorokin's complaint does not state a claim upon which relief can be

granted.  In the complaint, Sorokin seeks recovery under four theories: 1) negligence; 2) breach

---

[1]  In order for this Court to have a complete record for the purposes of the motion of National and LNJ, defendants
have attached a full copy of the applicable contract, referenced in Sorokin's complaint as Exhibit "1".  Sorokin's full
complaint, with exhibits, is hereto attached as Exhibit "A".

of contract; 3) breach of warranty; 4) and for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. The applicable tariff that governed the services that National and National's disclosed household goods agent as defined by 49 U.S.C. § 13907, LNJ provided to Sorokin limits the types of claims available to plaintiff to those pursuant to federal law; thus, plaintiff's Pennsylvania state law claims are completely preempted. Accordingly, Sorokin's complaint fails to state a claim upon which relief can be granted and this Court should dismiss the complaint with prejudice.

## II.    FACTUAL BACKGROUND

At all times herein, National was a Surface Transportation Board of the United States Department of Transportation certificated motor carrier of household goods in interstate commerce and LNJ was National's disclosed household goods agent, as defined by 49 U.S.C. §13907. On or about June 8, 1998, National issued a Uniform Household Goods Bill of Lading and Freight Bill ("Bill of Lading")[2], covering the shipment of Sorokin's goods from Philadelphia, Pennsylvania to Dallas, Texas. The Bill of Lading contains a box for "Tariff" in which the notation "400M" was written by National. See Bill of Lading at p.1. The Bill of Lading also recites that "Carrier's tariffs, by this reference, are made a part of the bill of lading." See Bill of Lading at p. 1. The reverse side of the Bill of Lading contains certain "Terms and Conditions," Section 3(a) of which provides as follows:

> The shipper, upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of the shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment . . .

---

[2] The Bill of Lading is attached to Sorokin's complaint as Exhibit "1".

See Bill of Lading at p.2. Sorokin signed the Bill of Lading on June 8, 1998 when National completed the interstate shipment and delivered Sorokin's household goods to his home in Texas. See Bill of Lading at p.1.

On May 29, 2002, Sorokin filed a complaint in the Municipal Court of Philadelphia County. On July 3, 2002, National and LNJ removed these proceedings to this Court. In the complaint, Sorokin asserts claims of purported negligence, breach of contract and breach of warranty against National and LNJ. Sorokin also claims that National and LNJ are liable for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. As a result, Sorokin contends that he is entitled to the cost to replace items allegedly damaged during his move from Philadelphia, Pennsylvania to Dallas, Texas. Of critical importance to this motion to dismiss, Sorokin's state law claims arise out of the Bill of Lading that Sorokin executed with National. The Bill of Lading is governed by a federal tariff, and, as a result, federal law preempts all of Sorokin's state law claims.

## III.    LEGAL ARGUMENT

Sorokin's complaint should be dismissed with prejudice because: 1) Sorokin's claims for negligence, breach of contract, breach of warranty and for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection law are preempted by the Interstate Commerce Act and the Carmack Amendment. 2) Sorokin's claims against LNJ should be dismissed because as a matter of law, no claim may lie against a disclosed household goods agent of National.

### A.    Standard Of Review

In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the Court should determine whether Sorokin has set forth a cause of action under Federal Rule of Civil Procedure 8(a), and whether, under any reasonable reading of

3

the complaint, Sorokin is entitled to relief. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996);

and Kuromiya v. United States, 37 F. Supp. 2d 717, 721-22 (E.D. Pa. 1999).  In view of this

standard, Sorokin's complaint is deficient as a matter of law and, therefore, should be dismissed

with prejudice.

        **B.**     **Sorokin's Complaint Fails To State
A Claim Upon Which Relief Can Be Granted.**

              **1.**     **Sorokin's Claims Are Pre-Empted By The
Interstate Commerce Act And The Carmack Amendment.**

Sorokin alleges that National and LNJ were negligent, breached the applicable contract,

breached the warranty arising out of the Bill of Lading and violated the Pennsylvania Unfair

Trade Practices and Consumer Protection Law. Plaintiff seeks total damages of $10,000 on all

claims.  The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (formerly

49 U.S.C. §11707), exclusively governs the rights, duties and liabilities of the parties (shipper

and carrier) to an interstate shipment of household goods.[3]  In light of the fact that the Carmack

Amendment completely controls the disposition of Sorokin's complaint, Sorokin's claims are

completely preempted.  As a result, the complaint fails to state claims upon which relief may be

granted.

---

[3] The Carmack Amendment states in pertinent part:

        A carrier providing transportation or service subject to jurisdiction under . . . [49 U.S.C. §13501 or §13531] [governing motor carriers] . . . shall issue a receipt or bill of lading for the property it receives for transportation under this part.  That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction . . . [49 U.S.C. §13501] . . . are liable to the person entitled to recover under the receipt or Bill of Lading.  The liability imposed under this paragraph is for the actual loss or injury to the property caused by A) the receiving carrier, B) the delivering carrier, or C) another carrier over whose line or who the property is transported in the United States. 49 U.S.C. § 14706(a)(1).

4

### a. **Preemption Protects Federal Law From State Interference.**

The United States Constitution declares, "the laws of the United States . . . shall be the Supreme law of the Land . . . any Thing in the . . . Laws of any State to the contrary notwithstanding." U.S. Const., Art. VI, C1, 2.

Congress enforces uniform national policy against interference by conflicting state regulation by enacting legislation preempting state law. See, e.g., City of Burbank v. Lockheed Air Terminal, Inc., 411 U.S. 624, 633, 638-39 (1973); Campbell v. Hussey, 368 U.S. 297, 300-301 (1961). Federal law need not provide expressly that particular state laws are preempted. Hillsborough County v. Automated Medical Laboratories, Inc., 471 U.S. 707, 712-13 (1985); City of Burbank, 411 U.S. at 633.

Congress' intent to replace state regulation with the federal approach will be inferred from a federal scheme that occupies the field or where state regulation operates in a manner inconsistent with the federal objectives. See, e.g., Hillsborough County, 471 U.S. at 713; Adams Express Co. v. Croninger, 226 U.S. 491, 505-506 (1913). See also Hughes v. United Van Lines, Inc., 829 F.2d 1407, 1412 (7th Cir. 1987) cert. denied 485 U.S. 913 (1988); Cleveland v. Beltman North American Co., Inc., 30 F.3d 373, 378 (2d Cir. 1994) cert. denied 15 S. Ct. 901 (1995).

Further, in Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 236 (1947), the United States Supreme Court held that the test of federal preemption "is whether the matter on which the State asserts the right to act is in any way regulated by the Federal Act. If it is, the federal scheme prevails" (emphasis added).

Based upon the federal preemption doctrine, Sorokin's state law claims against National and LNJ are preempted by the ICA, which exclusively governs National's and LNJ's assessment of interstate transportation charges under its filed Tariffs.

### b.  Legislative History of the ICA.

The United States Supreme Court recognized long ago that interstate transportation of property is a national concern requiring uniformity in its regulation.  In <u>Gloucester Ferry Co. v. Pennsylvania</u>, 114 U.S. 196, 5 S.Ct. 826, 29 L.Ed. 158 (1885), the Supreme Court held:

> Necessarily (Congressional] power alone can prescribe regulations which are to govern the whole country . . . Congress alone, therefore, can deal with such [interstate] transportation; its <u>non-action is a declaration that it shall remain free from burdens imposed by State regulation</u>.

114 U.S. at 204 (emphasis added).

In 1887, Congress enacted the ICA, which governs interstate transportation of goods.  In 1978, the ICA was recodified.  The recodification of the ICA was without substantive change to its original provisions at 49 U.S.C. § 20(11).  <u>See</u> House Report (judiciary committee) No. 95-1395, 95th Congress, 2d Sess., reprinted in 1978 U.S. Code Cong. & Ad. News 3009.

### c.  The Scope of ICA Preemption.

The United States Supreme Court has considered the ICA's purpose and construed its provisions in several landmark decisions.  In <u>Adams Express Co. v. Croninger</u>, 226 U.S. 491, 57 L.Ed. 314, 33 S.Ct. 148 (1913), the Supreme Court held with respect to interstate carrier liability under the ICA, "the duty to issue a bill of lading and <u>the liability thereby assumed are covered in full</u>."  226 U.S. at 505-06.  <u>Accord</u>, <u>Illinois Steel Co. v. B.&O. R. Co.</u>, 320 U.S. 508, 510-11, 63 S.Ct. 322, 88 L.Ed. 259 (1944); <u>S. E. Express Co. v. Pastime Amusement Co.</u>, 299 U. S. 28, 29, 57 S.Ct. 734 81 L.Ed. 20 (1936); <u>Atchison, Topeka & Sante Fe Ry. Co. v. Harold</u>, 241 U.S. 371,

378, 36 S.Ct. 665, 60 L.Ed. 1050 (1916); <u>Georgia, Florida & Alabama Ry. Co. v. Blish</u>, 241 U.S.

190, 195, 36 S.Ct. 541, 60 L.Ed. 948 (1916); <u>Pennsylvania R.R. Co. v. Intl. Coal Mining Co.</u>,

230 U.S. 184, 206, 33 S.Ct. 893, 57 L.Ed. 1446 (1913).  Further, the Court held that the Carmack

Amendment superseded all regulations and policies of a particular state.  In holding so, the Court

adopted an expansive description of the scope of the Carmack Amendment:

> Almost every detail of this subject [the liability of a common
> carrier] is covered so completely [by the Carmack Amendment]
> that there can be no rational doubt but that Congress intended to
> take possession of the subject and supersede all state regulation
> with reference to it . . . it has been argued that the non-exclusive
> character of this regulation is manifested by the proviso that of this
> section, and that state regulation upon the same subject is not
> superseded, and that the holder of any such bill of lading may
> resort to any right of action against such a carrier conferred by
> existing law.  This view is untenable.  It will result in the
> nullification of the regulation of a national subject and operate to
> maintain the confusion of the diverse regulation which it was the
> purpose of Congress to put an end to.

266 U.S. at 505-506, 33 S.Ct. at 152.

The United States Supreme Court held in <u>Georgia, Florida & Alabama Ey. v. Blish</u>

<u>Milling Co.</u>, 241 U.S. at 196, that the ICA is "comprehensive enough to embrace responsibility

for <u>all losses</u> resulting from any failure to discharge a carrier's duty as to any part of the agreed

transportation." (emphasis added).  Indeed, the ICA is among the most comprehensive legislative

and regulatory schemes ever enacted by Congress.  <u>See</u> <u>Chicago & N.W. Transp. Co. v. Kalo</u>

<u>Brick & Tile Co.</u>, 450 U.S. 311, 318, 321, 101 S.Ct. 1124, 67 L.Ed.2d 258 (1981).  The

comprehensive legislative and regulatory system governing interstate common carriers evinces

congressional intent to regulate the conduct of carriers to the exclusion of state law remedies.

Further, Title 49 U.S.C. §10761(a) provides that interstate carriers, such as National, are

prohibited from providing services at any rate other than its filed tariff rate.  Moreover, 49

U.S.C. §§11902 and 11903 render it unlawful for shippers, such as Sorokin, to pay a carrier less than the full amount of the filed tariff charges for the carrier's services.

In light of the fact that defendants' relationship with Sorokin is entirely and exclusively governed by federal law, National and LNJ can have no liability to Sorokin under Pennsylvania law. See Chicago & N.W. Transp. Co., 450 U.S. at 317 (finding that when Congress chooses to legislate pursuant to its Constitutional powers, a court must find local law pre-empted by federal regulation whenever the "challenged state statute stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress"). Awarding Sorokin compensatory damages against National and LNJ under Pennsylvania law would subvert the federal scheme of uniform treatment of all shippers and would effectively give Sorokin preference over other shippers in other states. Such preferences violate the ICA.

With respect to state consumer protection statutes, such as the Pennsylvania Unfair Trade Practices and Consumer Protection Law, numerous courts have rejected such claims. More specifically, unfair claim practices and consumer protection statutes have been held preempted with respect to interstate common carriage of goods by federal and state courts in the following jurisdictions:

> i.   Colorado - Suarez v. United Van Lines, Inc., 791 F.Supp. 815 (D.Colo. 1992);
>
> ii.  Florida - American Eye Way, Inc. v. Roadway Package System. Inc., 875 F.Supp. 820 (S.D.Fla. 1995); United Van Lines, Inc. v. Shooster, 860 F.Supp. 826 (S.D.Fla. 1992);
>
> iii. Idaho - Schultz v. Auld, 848 F.Supp. 1497 (D.Ida. 1993);

8

iv.   Illinois - <u>Pierre v. United Parcel Service, Inc.</u>, 774 F.Supp. 1149 (N.D.Ill. 1991); <u>White v. United Van Lines, Inc.</u>, 758 F.Supp. 1240 (N.D.Ill. 1991);

v.   New Jersey - <u>Tirgan v. Roadway Package System, Inc.</u>, 1995 WL 21098 (D.N.J. 1995);

vi.   New Mexico - <u>Margetson v. United Van Lines, Inc.</u>, 785 F.Supp. 917 (D.N.M. 1991) (Texas Deceptive Trade Practices Act also held preempted by the ICA);

vii.   New York - <u>Cleveland v. Beltman North American Co. Inc.</u>, 30 F.3d 373 (2d Cir. 1994);

viii.   Ohio - <u>United Van Lines, Inc. v. Zak</u>, 861 F.Supp. 61 (S.D.Ill. 1994);

ix.   South Carolina - <u>Carr v. United Van Lines, Inc.</u>, 345 S.E.2d 73 (S.C. App. 1986);

x.   Tennessee - Malone v. Mayflower Transit, Inc., 819 F.Supp. 724 (E.D. Tenn. 1993); and

xi.   Texas - <u>Moffit v. Bekins Moving & Storage</u>, 6 F.3d 305 (5th Cir. 1993)

xii.   Massachusetts – Rini v. United Van Lines, 104 F.3d 502 (1st Cir. 1997).

In addition, in <u>Missouri Pac. R.R. Co. v. Stroud</u>, 267 U.S. 404, 408, 45 S.Ct. 243, 69 L.Ed. 683 (1925), the United States Supreme Court declared, "there can be no divided authority over interstate commerce, and . . . the acts of Congress on that subject are supreme <u>and</u>

9

exclusive" (emphasis added).  Likewise, in <u>Missouri Pac. R.R. Co. v. Porter</u>, 273 U.S. 341, 47 S.Ct. 383, 71 L.Ed. 672 (1927) the United States Supreme Court held with respect to the Carmack Amendment:

> Congress must be deemed to have determined that the rule laid down and the means to enforce it are sufficient and that <u>no other regulation is necessary</u>.

273 U.S. at 345 (emphasis added).

The ICA excludes all other rules of common carrier obligation with respect to interstate shipments of merchandise.  <u>See</u> <u>Thurston Motor Lines, Inc. v. Jordan K. Rand. Ltd.</u>, 460 U.S. 533, 535 (1983).  An interstate carrier's liability is governed exclusively by its filed tariff and may not be enlarged by contract or tort.  <u>See</u> <u>Maislin Industries, U.S. v. Primary Steel, Inc.</u>, 497 U.S. 116, 126, 110 S.Ct. 2759, 2766 (1990).

All claims asserted by Sorokin in his complaint are based on National's and LNJ's alleged breach of duties owed to defendant under the interstate Bill of Lading contract of carriage.  <u>See</u> Bill of Lading.  Therefore, Sorokin's claims are preempted by the ICA.

### 2. As A Matter Of Law, No Claim May Lie <u>Against LNJ As An Agent For A Disclosed Principal.</u>

The disclosed principal carrier, National, is the only party which can be held liable statutorily for damage to an interstate shipment.  49 U.S.C. § 14706.  National's disclosed household goods agent, LNJ, as a matter of law, cannot be liable for any action for damages arising out of a carrier's performance of transportation under its bill of lading.  More specifically, Section 13907 of the Interstate Commerce Act provides:

> <u>Carrier's Responsibility for Agent</u>:  Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services (including accessories or

terminal services) and which are within the actual or apparent authority of the agent from the carrier of which are ratified by the carrier.

See <u>Valkenburg, K.G. v. The S. S. Henry Denny</u>, 295 F.2d 330, 333 (7th Cir. 1961) (holding

disclosed agent not liable to shipper separate and apart from interstate carrier); <u>U.S. v. Diez</u>, 428

F.Supp. 1028,1029-1030 (E.D. La. 1977); <u>Seguros Banvenez v. S/S Oliver Drescher</u>, 761 F.2d

855, 860 (2d Cir. 1985) ("When an agent makes a contract for a disclosed principal, it becomes

neither a party to the contract nor liable for the performance of the contract").

Sorokin knows that LNJ's role in the transportation of his property was that of an agent

only.  As liability for loss or damage to household goods moving through interstate commerce is

placed upon the interstate carrier by statute, disclosed household goods agents have no liability

separate and apart from that of the interstate carrier, and should be properly dismissed from a

claim for loss or damage under the Carmack Amendment.   Under the circumstances, all claims

against LNJ fail as a matter of law and should be dismissed because they are barred by the

Carmack Amendment.

## IV.    **CONCLUSION**

For the foregoing reasons, defendants National and LNJ respectfully pray that this Court grant defendants' motion to dismiss and dismiss the complaint of plaintiff Evan Sorokin for failure to state a claim upon which relief can be granted.

Respectfully submitted,

JOSHUA HORN, ESQUIRE
Fox, Rothschild, O'Brien & Frankel, LLP
2000 Market Street, 10th Floor
Philadelphia, Pennsylvania 19103

Date:  July 3, 2002

12

Exhibit A

06/17/2002 11:11 FAX 2158294219          DELANY & O'BRIEN                    ☑002

COMMONWEALTH OF PENNSYLVANIA          **STATEMENT OF CLAIM**
THE PHILADELPHIA MUNICIPAL COURT
34 South 11th Street • Philadelphia, PA 19107
Alan K. Silberstein, *President Judge*
Robert S. Blasi, *Administrative Judge*

No. SC-

| TYPED BY | APPROVED | COURT COSTS $ |
|---|---|---|

Evan S. Sorokin, M.D.
2217 Ivan Street
Apartment 102
Dallas, TX  75201

*Plaintiff(s)*

CODE

National Van Lines          LNJ National
National Plaza              Movers
Roosevelt & Gardner         36 Mountainside
Roads                       Road
Broadview, ILL 60153        Temple, PA 1950

☐ CONSTABLE SERVICE          *Defendant(s)*

**SERVICE ADDRESS (INFORMATION) if other than above**

| | | DATE OF ACCIDENT | LICENSE PLATE NO. |
|---|---|---|---|
| OPERATOR - DATE OF BIRTH | DEFENDANT - OPERATOR NO. | OWNER - DATE OF BIRTH | OWNER - OPERATOR NO |

TO THE DEFENDANT: The above named plaintiff(s) ask judgment in this Court against you for $ 10,000.00 plus court costs upon the following claim:

Plaintiff, Evan S. Sorokin, M.D., who resided at
166 Callowhill Street, Phila., PA 19130, contracted with
National Van Lines and LNJ National Movers to move the
contents of his apartment in Philadelphia to his current
address in Dallas, TX.  (See Contract attached hereto
as Exhibit 1.)  The move occurred on or about June 11,
1998.  During the move, the Defendants negligently and
carelessly caused certain damages to Plaintiff's
property.  (See claims form attached hereto as Exhibit
2.)  Therefore, Plaintiff brings this action for
negligence, breach of contract, breach of warranty
and violations of the Consumer Fraud Statute.
WHEREFORE, Plaintiff requests judgment in his favor
in the amount of  Ten  Thousnad Dollars ($10,000.00).

Principal Amount
$ 10,000.00
Interest at _____ %
from _____
$ _____
Attorney's Fee:
$ _____
Other:
$ _____
TOTAL $ _____

**PLUS COURT COSTS**

☐ NOTICE TO DEFEND FILED

COUNSEL FOR PLAINTIFF/ATTY. I.D. NO. NAME & ADDRESS
*Michael Shaffe* 325 Chestnut H; PHILA PA    ZIP CODE 19006    PHONE 215 951.6090

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA  ss:

I, _____ Michael Shaff
depose and say that the facts set forth in this complaint
are true and correct and acknowledge that I am subject to
the penalties of 18 P.S. 4904 relating to Unsworn Falsifi-
cation to Authorities.

_____
*Signature Plaintiff/Attorney*

**SUMMONS** to the defendant: You are hereby
ordered to appear at a hearing scheduled as follows:

LOCATION (Sitio)
Courtroom 4—
Fourth Floor, 34 South 11th Street

**CITACION** - Al Demandado: Por la presente,
usted esta dirijido a presentarse a la siguiente vista en:

DATE (Fecha)    TIME (Hora)

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of the Court
this _____ day of _____ , 19 ___

_____
*Court Administrator, Philadelphia Municipal Court*

**IMPORTANT NOTICE TO THE DEFENDANT**

You have been sued in court. If you wish to defend against the claims set
forth, you must appear at the date, time and place as shown. You are warned
that if you fail to appear, the case may proceed without you and a judgment
may be entered against you by the Court without further notice for any money
claimed in the complaint or for any other claim or relief requested by the
plaintiff. You may lose money or property or other rights important to you.

♿ THE MUNICIPAL COURT COMPLIES WITH THE AMERICANS WITH DISABILITIES ACT,
WHICH REQUIRES THAT ALL COURT SERVICES AND FACILITIES BE ACCESSIBLE TO
PERSONS WITH DISABILITIES ON AN EQUAL BASIS TO THOSE WITHOUT DISABILITIES.
IF YOU HAVE A DISABILITY, AND REQUIRE REASONABLE ACCOMMODATIONS TO FILE A
CLAIM, PARTICIPATE IN A MUNICIPAL COURT PROCEEDING, OR USE ANY SERVICE PROVIDED BY
THE COURT, PLEASE CALL 686-7986. REQUESTS FOR REASONABLE ACCOMMODATIONS MUST BE
MADE AT LEAST THREE BUSINESS DAYS BEFORE ANY HEARING, OR WITHIN THREE BUSINESS
DAYS AFTER SERVICE (DELIVERY) OF THE NOTICE OF HEARING, WHICHEVER IS LATER.

**NOTA IMPORTANTE PARA EL ACUSADO**

Usted ha sido demandado en corte. Si usted desea defenderse contra las quejas que
aparecen en contra suya debe usted apelar el dia, la hora y sitio que se senalo. Usted esta
advertido que si no comparece, el caso puede colinuar sin su presencia y una querella
puede ser puesta en contra suya por la corte sin ninguna notificacion, por dinero reclamado,
o por alguna otra queja requerida por el demandante. Usted puede perder dinero, propiedad
u otros derechos importantes para usted.

♿ LA CORTE MUNICIPAL CUMPLE CON EL DECRETO DE AMERICANOS INCAPACITADOS (AMERICANS
WITH DISABILITIES ACT), ESTE DECRETO REQUIERE QUE TODOS LOS SERVICIOS Y FACILIDADES DE
CORTE SEAN ACCESIBLE A PERSONAS INCAPACITADAS, AL IGUAL QUE PERSONAS NO INCAPACITADAS.
SE USTED ESTE INCAPACITADO Y NECESITA ACOMODACIONES RAZONABLES, PARA PODER RADICAR
UNA DEMANDA, PARTICIPAR EN ALGUN PROCEDIMIENTO O UTILIZAR SERVICIOS EN LA CORTE MUNICIPAL POR
FAVOR LLAME AL TELEFONO 686-7986. PARA SOLICITAR ACOMODACIONES RAZONABLES DEBE LLAMAR POR LO
MENOS TRES DIAS DE TRABAJO ANTES DE SU AUDIENCIA O DENTRO DE TRES DIAS DESPUES DE RECIBIR SU
CITA, SEGUN LO QUE OCURRA PRIMERO.

C3-7 (Rev. 3/96)



EXHIBIT 1

06/17/2002 11:16 FAX 2158294219          DELANY & O'BRIEN                    ☑004

# HOUSEHOLD GOODS BILL OF LADING AND FREIGHT BILL

**NATIONAL VAN LINES, INC.**

EXECUTIVE OFFICES: Broadview, Illinois 60153 · Telephone: 70_-0-2900
NVL Customer Service Call 800-333-6851

NOTICE: Carrier's tariffs, by this reference, are made a part of this bill of lading and may be inspected at carrier's facility, or, on request, carrier will furnish a copy of any tariff provision concerning carrier's rates, rules or charges governing the shipment. Incorporated tariff provisions include but are not limited to those: (1) Establishing limitation of carrier's liability, the principal terms of which are described in the valuation declaration section of the bill of lading; (2) Setting the new periods for filing claims, the principle features of which are described on the reverse side of this bill of lading in Section C and, (3) Reserving the carrier a right to assess additional charges for additional services and method and, on non-binding estimates, to base charges upon the exact weight of the goods transported.

| | | |
|---|---|---|
| **B/L NUMBER** | | 111199 |
| REG. NUMBER | | |
| OVERFLOW B/L | | |

I.C.C. MC 42866

| SHIPPER'S NAME Even Sorokin | CONSIGNEE'S NAME Even Sorokin |
|---|---|
| LOADING ADDRESS 1666 Callowhill Sr. Apt. 309 | DELIVERY ADDRESS 2808 McKinney Ave APT 431 |
| CITY, COUNTY, STATE Philadelphia. Phil. PA. | CITY, COUNTY, STATE Dallas 75204 |
| PHONE 215-751-9978 | PHONE (214)303-0411 (ok) 609636358 |
| PICKUP SPREAD FROM 6/8 TO 6/8 | DELIVERY SPREAD FROM 6/11 TO 6/19 |
| EXTRA P/U CONTACT NAME | NOTIFY CONTACT AND NOTIFY NAME Mike Goldberg |
| ADDRESS          PHONE | ADDRESS 1100 Salvait Blvd PHONE 609-741-5986 |
| CITY & STATE | CITY & STATE Apt 532   Galveston Tx |
| LOAD DATE | X EXTRA DELIVERY CONTACT NAME |
| INTERLINE CARRIER | ADDRESS                 PHONE |

| BILL ACCT. | | TARIFF NO.400M | SECTION 3 | TENDER NO. | | COMMODITY NAME & CODE | HRG |
|---|---|---|---|---|---|---|---|
| CITY, STATE, | | GROSS WEIGHT | NET WEIGHT | Full Tariff LH Rate $ | | BLO %disc | 50% |
| PURCHASE ORDER OBL NO ACCT NO | | | | Reduced LH Rate $ | LH disc | | |
| ATTN OF | | TARE WEIGHT | MILES 1752 | Bottom Line Discounted | | | Yes ☐ No ☐ |
| COD | | | | ↓ SERVICE | ACCT↓ RATE | CHARGE |

| | (AGENT NAME) | ACCT.# | SUBJECT TO MINIMUM OF 1,000 LBS. | | LINEHAUL CHARGES |
|---|---|---|---|---|---|
| CHARGES COMPUTED BY | L&J | 2777 | FUEL SURCHARGE OF CHARGED LINEHAUL | | |
| BOOKER | L&J | 2777 | ADDITIONAL TRANSPORTATION CHARGE - ORIGIN | | |
| ORIGIN AGENT | L&J | 2777 | ADDITIONAL TRANSPORTATION CHARGE - DESTINATION | | |
| ESTIMATE BY | L&J | 2777 | BULKY ARTICLE CHARGE | | |
| DESTINATION AGENT | | 4201 | EXTRA STOPS | ORIGIN | DESTINATION |
| RESIDENCE PICKUP | | | PIANO/ORGAN CARRY | ORIGIN | DESTINATION |
| ORIGIN | | 2659 | VALUATION 20,000 | | N/C |
| DESTINATION | | | SIT FOR      DAYS      1ST DAY AT      CWT. | | |
| ORIGIN | | | ADDITIONAL DAYS      CWT. PER DAY | | |
| DESTINATION | | | WAREHOUSE HANDLING CHARGE | | |
| CONTAINERS FURNISHED BY | | | SIT HANDLING CHARGE      MILES | | |
| TOTAL PACKING BY | | | SIT VALUATION CHARGE | | |
| UNPACKING BY | | | IN SIT (DATE)      OUT-SIT (DATE) | | |

Unless the shipper expressly releases the shipment to a value of 60 cents per pound per article, the carrier's maximum liability for loss and damage shall be either the lump sum declared by the shipper or an amount equal to $1.25 for each pound of weight in the shipment, whichever is greater. The shipment will be subject to the rules and conditions of the carrier's tariff. Shipper hereby releases the entire shipment to a value not exceeding:

**My Shipment Valuation is** $ 20,000

NOTICE: THE SHIPPER SIGNING THIS CONTRACT MUST INSERT IN THE SPACE ABOVE, IN HIS OWN HANDWRITING, EITHER HIS DECLARATION OF THE ACTUAL VALUE OF THE SHIPMENT, OR THE WORDS "60 cents per pound per article". OTHERWISE THE SHIPMENT WILL BE DEEMED RELEASED TO A MAXIMUM VALUE EQUAL TO $1.25 TIMES THE WEIGHT OF THE SHIPMENT IN POUNDS.

Shipment Valuation is not insurance. It is a Tariff Level of Carrier Liability.

**IMPORTANT SHIPMENT PROTECTION INFORMATION** (Check One)

| Protection | SHIPPER INITIAL | |
|---|---|---|
| Lowest | | 60 cents per lb. per article - no charge |
| Better | | $1.25 times shipment weight. Repair cost or depreciated value at item, whichever is less cost is $7 per $1,000 of shipment valuation. |

**FULL VALUE PROTECTION - OPTION A, B, C**

I acknowledge that I have prepared and retained a copy of the "Inventory or Items Valued" in excess of $100 Per Pound Per Article" that are included in my shipment and that I have given a copy of this Inventory to the carrier's representative. I also acknowledge that the carrier's liability for each of our articles valued at more than $100 per pound will be limited to $100 per pound for each pound or each item at the higher value, unless I have specifically identified such articles or whose claim for loss or damage is made on the attached.

| | |
|---|---|
| Best | |
| Option A | X      No claim deductible |
| Option B | $250 claim deductible |
| Option C | $500 claim deductible |

**EXTRAORDINARY (UNUSUAL VALUE ARTICLE DESCRIPTION)**

| BELOW PACKING AND ACCESSORIALS REQUIRE A COMPLETED AND SIGNED PACKING AND/OR ACCESSORIAL FORM | | |
|---|---|---|
| APPLIANCE SERVICE | ORIGIN | DESTINATION |
| LONG CARRY | ORIGIN | DESTINATION |
| ELEVATOR/STAIR CARRY | ORG. | DEST.  FLIGHTS |
| EXTRA LABOR DUE | ORG. | DEST.  HOURS |
| MATERIAL SUPPLIED ONLY IN PACK | | |
| TOTAL PACKING CHARGES | | |
| TOTAL UNPACKING CHARGES | | |

| | | | |
|---|---|---|---|
| | LESS DISCOUNT | | |
| | TOTAL OF ALL CHARGES | | |
| | PREPAYMENT COLLECTED ON 6/8 by 2777 | | 3039.46 |
| | BALANCE DUE: COLLECTED ON      By Acct# | | |

AGENT TO BE CONTACTED AT DESTINATION REGARDING SHIPMENT, IF NONE SHOW NVL BROADVIEW

| NAME | | PHONE |
|---|---|---|
| ADDRESS | | CITY & STATE |
| RESIDENTIAL DELIVERY | WAREHOUSE | S.I.T. CONTROL# |
| WAREHOUSE | | PHONE: |
| ADDRESS | | CITY & STATE |
| RECEIVED BY: X | | DOCUMENT CONTROL NUMBER |
| DATE: | | DC 006899 |

**CONSIGNEE'S ACKNOWLEDGEMENT OF DELIVERY**

SERVICES COVERED BY THIS BILL OF LOADING WERE RENDERED AND SHIPMENT WAS RECEIVED IN GOOD CONDITION, EXCEPT AS NOTED ON THE INVENTORY.

| X (SHIPPER'S SIGNATURE AT TIME OF PICKUP AT RESIDENCE)   DATE | X (SIGNATURE OF CONSIGNEE FOR RESIDENCE DELIVERY) | X (DRIVER'S SIGNATURE FOR DOC. DEL. OR WHT) |
|---|---|---|
| X (DRIVER'S SIGNATURE AT TIME OF PICKUP FROM RESIDENCE) | | |

CHARGES TO BE PAID IN CASH, MONEY ORDER OTHER THAN PERSONAL MONEY ORDER, TRAVELER'S CHECK, CASHIER'S FIRST A, OFFICIAL CHECK, BANK HEADQUARTERS CHECK. THE LISTED CHECK SHALL BE PAYABLE TO NATIONAL VAN LINES, INC. & PAYABLE BACK IN PRIOR TO DELIVERY.

# CONTRACT TERMS AND CONDITIONS*

This contract is subject to all the rules, regulations, rates, and charges, in carrier's currently effective applicable tariffs including, but not limited to, the following terms and conditions:

**Section 1.**  The carrier shall be liable for physical damage loss of or damage to any articles from external cause while being carried or held in storage-in-transit EXCEPT loss or damage caused by or resulting:

    (a).  From an act, omission or order of the shipper;

    (b).  From defect or inherent vice of the article, including susceptibility to damage because of atmospheric conditions such as temperature and humidity or changes therein;

    (c).  From (1) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack (A) by any government or sovereign power, or by an authority maintaining or using military, naval or air forces; (B) by military, naval or air forces; or (C) by an agent of any such government, power, authority or forces; (2) any weapon of war employing atomic fission or radioactive force whether in time of peace or war; (3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating, or defending against such an occurrence; (4) seizure or destruction under quarantine or customs regulations; (5) confiscation by order of any government or public authority; or (6) risks of contraband or illegal transportation or trade;

    (d).  From delay caused by strikes, lockouts, labor disturbances, riots, civil commotions, or the acts of any person or persons taking part in any such occurrence or disorder, and from loss or damage when carrier, after notice to shipper or consignee of a potential risk of loss or damage to the shipment from such causes, is instructed by the shipper to proceed with such transportation and/or delivery, not withstanding such risk.

    (e).  From Acts of God.

SUBJECT, in addition to the foregoing, to the further following limitations on the carrier's liability:

    The Carrier's maximum liability shall be either:

    (1).  The amount of the actual loss or damage not exceeding $1.25 time the actual weight (in pounds) of the shipment, or the lump sum declared value, whichever is greater; or

    (2).  The actual loss or damage not exceeding sixty (60) cents per pound of the weight of any lost or damaged article when the shipper has released the shipment to the carrier, in writing, with liability limited to sixty (60) cents per pound per article.

**Section 2.**  The Carrier shall not be liable for delay caused by highway construction, or faulty or impassable highways, or lack of capacity of any highway, bridge or ferry, or caused by the breakdown or mechanical defect of vehicles or equipment, or from any cause other than the negligence of the carrier, nor shall the carrier be bound to transport by any particular schedule, means, vehicle or otherwise than with reasonable dispatch. Every carrier shall have the right in case of physical necessity to forward said property by any carrier or route between the point of the shipment and the point of destination.

**Section 3.**  a).  The shipper, upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of the shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges.

    (b).  The shipper shall indemnify carrier against loss or damage caused by inclusion in the shipment of explosives or other dangerous articles or goods.

**Section 4.**  If for any reason other than the fault of the carrier, delivery can not be made at address shown on the face hereof, or at any changed address of which the carrier has been notified, carrier, at its option, may cause articles contained in shipment to be stored in a warehouse selected by it at the point of delivery or at other available points, at the cost of the owner and subject to a lien for all accrued tariff and other lawful charges.

**Section 5.**  If shipment is refused by consignee at destination, or if shipper, consignee or owner of property fails to receive or claim it within fifteen (15) days after written notice by United States mail addressed to shipper and consignee at post office addresses shown on face hereof, or if shipper fails or refuses to pay lawfully applicable charges in accordance with carrier's applicable tariff, carrier may sell the property at its option, either (a) upon the notice and in the manner authorized by law, or (b) at public auction to highest bidder for cash at a public sale to be held at a time and place named by carrier, thirty (30) days notice of which sale shall have been given in writing to shipper and consignee, and there shall have been published at least once a week for two consecutive weeks in a newspaper of general circulation at or near the place of sale, a notice thereof containing a description of the property as described in the bill of lading, and the names of the consignor and consignee. The proceeds of any sale shall be applied toward payment of lawful charges applicable to shipment and towards expenses of notice, advertising and sale, and of storing, caring for and maintaining property prior to sale, and the balance, if any, shall be paid to owner of property; PROVIDED that any perishable articles contained in said shipment may be sold at public auction or private sale without such notices, if, in the opinion of the carrier, such action is necessary to prevent deterioration or further deterioration.

**Section 6.**  As a condition precedent to recovery, a claim for any loss or damage, injury or delay, must be filed in writing with carrier within nine (9) months after delivery to consignee as shown on face hereof, or in case of failure to make delivery, then within nine (9) months after a reasonable time for delivery has elapsed; and suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice.

**NATIONAL**
MC42866
2800 W. ROOSEVELT ROAD
BROADVIEW, ILLINOIS 60153
708-450-2900 or 800-331-0593

Order For Service – R e g i s t r a t i o n

AGENT MUST COMPLETE THIS FORM PRIOR TO REGISTERING.

Registration Date: ___ / ___ / ___

Commodity Type (check one):
Display ☐  Elect ☐
HHG ☐  Other ☐
Office ☐

Internal use
VO ☐  NV ☐

1. TYPE  ☐ 7/GSA  ☒ 9/COD    2. B/L NUMBER  111199
         ☐ 8/NAT  ☐ 9/NAT-COD    3. MILES  1752    4. BOOKING ACCT # 2777

5. Linehaul Discount %
   Bottom Line Discount % 50%    6. ORIGINAL B/L (IF OVERFLOW)
   Broker Fee% ___ (added to disc. for settlement purposes only). Broker # ___    7. SELF HAUL ☐ Yes ☒ No

| 8 Origin City/State | 9 Destination City/State | 10 Requested Loading Date | 11 Requested Delivery Date |
|---|---|---|---|
| Philadelphia, PA. | Dallas | From 6/8 To 6/8 | From 6/11 To 6/19 |

| 12 Declared Value Protection | 13 Valuation Amount (If A, B or C) | 14 Estimated Weight | 15 Est. Cube | 16 Full Linehaul Before Discount | 17 Estimated Total Charges After Discount |
|---|---|---|---|---|---|
| ☐A. Full Replacement, no deductible ☐B. Full Replacement, $250 deductible ☐C. Full Replacement, $500 deductible ☐D. $.60 ☐E. $1.25 x weight | 20,000 | 5,000 | .769 | 5610.00 | 499.96 3309.05 |

| 18 National Acct. Name & Acct. # | 19 SS# If Military/GSA Org. Base GBLOC ___ GBL # ___ Dest. Base GBLOC ___ | 20 Shipper's Last Name | 21 First Name |
|---|---|---|---|
| C.O.D. | | Sorokin | E |

| 22 Origin Agent # | 23 Origin Zip Code | 24 Origin Address or Military Base Contact or Out of Non-Temp Storage | 25 Origin Phone Numbers & Contact Name |
|---|---|---|---|
| 2777 | 19180 | 1666-Callowhill St. | (215) 751-9788 |

| 26 Dest. Agent # | 27 Dest. Zip Code | 28 Destination Address or Military Base Contact | 29 Destination Phone Numbers & Contact Name |
|---|---|---|---|
| 4201 | | W/A 2808 McKinnstAve Apt #42 Dallis, TX 75204 | W/A |

| 30 Salesperson # | 31 Driver Pack ☒ yes ☐ no If yes, describe below Type 2-455 2 F/Q Amount 6-Mir | 32 ☐ Extra P/U ☒ Extra Delivery (Write location below) Gaineston, TX. 7000 School Blvd | 33 ☐ PIANO ☐ SHUTTLE ☐ BOAT ☐ POOL TABLE ☐ OTHER ☐ AUTO (Write type here) |
|---|---|---|---|
| 14 | | | |

SPECIAL REMARKS / INSTRUCTIONS  AMSA MEMBER  417-33  Gaineston, TX.  (409) 741-2957

34 Destination Agent Name, Address & Phone

SPECIAL SERVICES ORDERED BY SHIPPER
☐ EXPEDITED SERVICE
☐ EXCLUSIVE USE OF VEHICLE    CU. FT.
☐ OVERTIME LOADING AND/OR UNLOADING   ORIGIN ☐   DEST. ☐
☐ STORAGE-IN-TRANSIT   ORIGIN ☐   DEST. ☐
☐ SPACE RESERVATION   ORIGIN ☐   DEST. ☐
☐ BULKY ITEMS
OTHER ___

☒ NON-BINDING ESTIMATE (Table of Measurements required)
THIS ESTIMATE COVERS ONLY THE SERVICES AND SERVICES LISTED. IT IS NOT A GUARANTEE THAT THE ACTUAL CHARGES WILL NOT EXCEED THE AMOUNT OF THE ESTIMATE. COMMON CARRIERS ARE REQUIRED BY LAW TO COLLECT TRANSPORTATION AND OTHER INCIDENTAL CHARGES COMPUTED ON THE BASIS OF RATES SHOWN IN THEIR LAWFULLY PUBLISHED TARIFFS, REGARDLESS OF PRIOR RATE QUOTATIONS OR ESTIMATES MADE BY THE CARRIER OR ITS AGENTS. EXACT CHARGES FOR LOADING, TRANSPORTING, AND UNLOADING ARE DETERMINED BY THE WEIGHT OF THE GOODS TRANSPORTED, AND SUCH CHARGES MAY NOT BE DETERMINED PRIOR TO THE TIME THE GOODS ARE LOADED ON THE VAN AND WEIGHED. CHARGES FOR ADDITIONAL SERVICES WILL BE ADDED TO THE TRANSPORTATION CHARGES.

ESTIMATED TOTAL   3309.05

IF THE TOTAL TARIFF CHARGES FOR THE LISTED ARTICLES AND SERVICES EXCEED THIS ESTIMATE BY MORE THAN TEN PERCENT, THEN, UPON YOUR REQUEST, THE CARRIER MUST RELINQUISH POSSESSION OF YOUR SHIPMENT UPON PAYMENT OF NOT MORE THAN 110 PERCENT OF ESTIMATED CHARGES. YOU ARE STILL OBLIGATED TO PAY THE BALANCE OF THE TOTAL CHARGES WITHIN 30 DAYS.

MAXIMUM AMOUNT TO BE PAID ON DELIVERY OF YOUR C.O.D. SHIPMENT IN CASH, CERTIFIED CHECK OR MONEY ORDER IS (TOTAL ESTIMATED COST PLUS 10 PERCENT).

MAXIMUM C.O.D. ___

SHIPMENT VALUATION IS NOT INSURANCE. IT IS A TARIFF LEVEL OF MOTOR CARRIER LIABILITY.
SHIPMENT VALUATION PROTECTION

Unless the shipper expressly releases the shipment to a value of 60 cents per pound per article, the carrier's maximum liability for loss and damage shall be either the lump-sum value declared by the shipper or an amount equal to $1.25 for each pound of weight in the shipment, whichever is greater. The shipment will move subject to the rates and conditions of the carrier's tariff. Shipper hereby releases the entire shipment to a value not exceeding

20,000
(to be completed by the person signing below)

NOTICE: The shipper signing this Order for Service must insert in the space above, in his own handwriting, either his declaration of the actual value of the shipment, or the words "60 cents per pound per article". Otherwise the shipment will be deemed released to a maximum value equal to $1.25 times the weight of the shipment in pounds. The cost is 70¢ / $100.00 of Shipment valuation.

REPLACEMENT VALUE PROTECTION
OPTION A -  Replacement Value Protection (Min. $3.50 lb.) No claim deductible.
OPTION B -  Replacement Value Protection less $250 claim deductible. (Min. $3.50 lb.)
OPTION C -  Replacement Value Protection less $500 claim deductible. (Min. $3.50 lb.)
SEE REVERSE SIDE OF INSTRUCTION CARD FOR COST

The shipper signing this contract must insert, in the space below, his or her declaration of the released value of the shipment. Otherwise, the shipment will be deemed released to a value equal to $3.50 times the weight in pounds. Shipper hereby releases the entire shipment to a value not exceeding

$ ___

CHARGES AND METHOD OF PAYMENT

Minimum Weight ___
Minimum Charges ___
Cubic Feet ___

CHARGES: ☐ C.O.D. ☐ CHARGE - Charge required credit approval before loading. All charges to be paid in cash, money order (other than personal money order) travelers check, cashier's check, official check, bank treasurer's check, or certified check, made payable to NATIONAL VAN LINES, INC. & LaSALLE BANK N; before property is relinquished by carrier unless otherwise stated.

ON EMPLOYER PAID MOVES, SHIPPER IS LIABLE FOR ALL CARRIER CHARGES IF EMPLOYER FAILS TO MAKE PAYMENT AS PROMISED.

Invoice to ___
Address ___
City & State ___
Customer No. ___

Carriers liability is limited to a maximum of $100.00 per lb. per article, unless shipper has declared in writing prior to move a higher value on any named article and listed such on a high-value inventory.

Shipper acknowledges prior receipt of Carriers Annual Performance Report, Your Right and Responsibilities When You Move, Household Goods Dispute Settlement Program and Customer Complaint and Inquiry Handling Procedures.

The undersigned shipper hereby requests the above-named carrier to furnish the transportation facilities and services described in this order, subject to the contract terms and conditions of carrier's household goods bill of lading, which bill of lading will be issued at time carrier takes possession of this shipment, and subject to the tariffs of the carrier in effect on the date transportation services commence.

NATIONAL VAN LINES, INC.

X _____    ___ day of ___, 19___    X By _____    5/5/98
                                                 (Signature of Shipper or Authorized Shipper's Agent)

FORM 500-HB
REV. 6/97

SERVICES CANNOT BE PERFORMED WITHOUT PROPER SIGNATURE OR WRITTEN AUTHORITY

1998.06-23   12:02   #377 P.01/01

I NATIONAL          TO

## COST OF SERVICES

From
RODGER

**Moving From**
OKIN 4/23/98
6-CALLOWHILL ST.
309
LADELPHIA PHIL PA

**Moving To**
Consignee SOROKIN
Address
Floor
City.ST DALLAS DALLAS TX

| ate | Agreed PU Date | Guarantee PU Date | Agreed DEL Date | Guarantee DEL Date |
|---|---|---|---|---|
| | | 6/11 - 6/19 | | |

| CONTAINERS | | | PACKING (C) | | | UNPACKING (A) | | |
|---|---|---|---|---|---|---|---|---|
| Qty | Rate | Total | Qty | Rate | Total | Qty | Rate | Total |
| 2 | 8.80 | 17.60 | 2 | 17.30 | 34.60 | | | |
| 2 | 25.40 | 50.80 | 2 | 15.65 | 31.30 | | | |
| 6 | 19.35 | 116.10 | 6 | 32.40 | 194.40 | | | |
| | | 184.50 | | | 260.30 | | | 0.00 |

```
*******************************************************
* TARIFF   : 400M    GROSS   : 5500    NET     : 5500  *
* EFFECTIVE: 01/01/98                 TRANS WT.: 5500  *
* SECTION  : 3                        MILES    : 1752  *
* Origin ST: (39) CNTY:(51)   Destination ST: (44) CNTY:(84) *
* Origin Service Area:672     Destination Service Area:764 *
*******************************************************
```

| Description | Weight | Quantity | Rate | Charges |
|---|---|---|---|---|
| TRANSPORTATION CHG | 5500 LBS | | | 5973.00 |
| A.T.C. ORIG | 5500 LBS | | @   1.90 | 104.50 |
| A.T.C. DEST | 5500 LBS | | @   1.00 | 55.00 |
| ELEV. ORIG | 5000 LBS | 1 | @   2.60 | 130.00 |
| ELEV. DEST | 5000 LBS | 1 | @   2.25 | 112.50 |
| STAIRS DEST | 500 LBS | 1 | @   1.45 | 18.30 |
| LONG CARRY-O | 5000 LBS | 1 | @   1.70 | 85.00 |
| LONG CARRY-D | 5000 LBS | 1 | @   1.45 | 72.50 |
| CONTAINERS, PACKING & UNPACKING (see itemized list) | | | | 444.80 |

| | | | |
|---|---|---|---|
| SUB TOTAL BEFORE DISCOUNT | | | 6995.60 |
| 50% BOTTOM LINE DISCOUNT | | | -3497.80 |
| VALUATION | | 20000 | |
| GRAND TOTAL | | | 3677.80 |

PREPARED BY   RODGER



EXHIBIT 2

06/17/2002 11:21 FAX 2158294219          DELANY & O'BRIEN                    ☑008

**NATIONAL**

BROADVIEW, ILLINOIS 60153-3771
I.C.C. MC #2566

## STATEMENT OF CLAIM

IF YOU COMPLETE THE SHORT CLAIM FORM, IT WILL
NOT BE NECESSARY TO COMPLETE THIS FORM.

ALL LOSS AND/OR DAMAGE MUST BE ON THIS FORM. NO ADDITIONAL CLAIM ACCEPTED. *214-383-0911*

| MOVED FROM: *EVAN SOROKIN* | MOVED TO: *EVAN SOROKIN* |
|---|---|
| Name of Shipper or Consignee on Bill of Lading | Name of Consignee |
| *1666 CATHARINE ST APT 3G* Old Street Address | *2808 McKINNEY AVE APT 421* New Street Address |
| *PHILADELPHIA PA 19130* City and State | *DALLAS TEXAS 75204* City and State |
| *N/A* Warehouse Name if Shipment Originated at Warehouse | *N/A* Warehouse Name if Delivered to Warehouse |

**IMPORTANT**
Was your shipment picked up from a storage facility?  Yes ☐  No ☒
Was your shipment delivered to a storage facility?  Yes ☐  No ☒
To expedite your claim, enter Bill of Lading No. shown on NATIONAL Bill of Lading  *111 99*
Did driver deliver any items that do not belong to you?  Yes ☐  No ☒  Please explain below.
To whom was claim first reported *Adams Relocation Svcs*  Date reported *6/18/98*
Loading date at residence *6/9/98*  Delivery date *6/17/98*
If claim is for breakage or shortage to items packed in container, give following information concerning these specific containers:
By whom packed *Driver*  By whom unpacked *Driver & Mgr*  Date unpacked *6/12/98*
Was packing container of article claimed damaged in good condition?  Yes ☐  No ☐  Please explain below.  *self*
Date damage was discovered *6/17/98*  Was driver aware of damage or loss?  Yes ☒  No ☐  Explain below.
Date shortage was discovered *N/A*  By whom discovered
Did you carefully check items and condition of shipment against the inventory at the time of delivery before signing same?  *NO  DRIVER REFUSED*

**IMPORTANT — GIVE COMPLETE INFORMATION IN ALL COLUMNS.** (If Addt'l Space is needed use separate sheet of paper.)  ALL CLAIMS MUST

| Inventory Number For Articles Claimed | Name of Item | Location and Extent of Damages (If loss so indicate) | Date Purchased | Original Cost | Weight of Item | Amount Claimed | Home Office Use Only | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Amount Paid | Adjusting Code |
| | | *SEE ADDITIONAL PAGE* | | | | | | |
| | *Armoire* | *Broken leg* | | | | | | |
| | | *SEE PHOTOS 1-3* | *7/95* | *$446* | | *$446* | | |
| *684* | *Loveseat* | *Scratches & gouges* | *7/96* | *$444* | | *$444* | | |
| | *CU FURNISH COPIES OF ANY DOCUMENTS WHICH SHOW ANY LOSS OR DAMAGE* | *AT THE TIME YOUR SHIPMENT WAS DELIVERED.* | | | | *$600* | | |
| | | | | | | | | |
| *333* | | | *1996* | *$286* | | *$286* | | |
| *335* | *Sug Chair* | | *1996* | *$499* | | *$499* | | |
| *631* | | | *1996* | | | *$600* | | |

**QUALITY CONTROL** (DRIVER *unsatisfactory*  PACKER *indicated*  WHSE. *N/A*  *unsatisfactory*)
Were you satisfied with NATIONAL overall service?  Yes ☐  No ☒  If NOT we would sincerely appreciate your comments so we can take action

The undersigned makes a solemn oath to the truth of statements contained herein. For the purpose of obtaining settlement on the above claim. I hereby request $ *16,359.00* which is to be considered as a full release and discharge from any and all claims and demands against the carrier, his agents, or insurer of this shipment.  ALL OUTSTANDING CHARGES MUST BE PAID BEFORE CLAIM SETTLEMENT CAN BE MADE.

**NOTARIZATION NOT REQUIRED ON CLAIMS TOTALING LESS THAN $200.00.** *7/11/98* (Date)  *214-383-0911* (Area Code) (Phone No.)  HOME #

STATE OF *Texas*                                                WORK #
COUNTY OF *Dallas*
Sworn to before me this *11* day of *July* 19 *98*
_____ (Notary Public)                    _____ (Signature of Claimant)
                                                             *2808 McKinney Ave #421* (Present Address)
My Commission expires _____                        *Dallas, Texas 75204* (City) (State) (Zip Code)

FORM 541B REV. 10/94

06/17/2002 11:22 FAX 2158294219          DELANY & O'BRIEN                    ☑009

## NATIONAL                    STATEMENT OF CLAIM

BROADVIEW, ILLINOIS 60153-3771                    IF YOU COMPLETE THE SHORT CLAIM FORM, IT WILL
I.C.C. MC 42566                                   NOT BE NECESSARY TO COMPLETE THIS FORM.

**ALL LOSS AND / OR DAMAGE MUST BE ON THIS FORM. NO ADDITIONAL CLAIM ACCEPTED.**

| MOVED FROM | EVAN SORGIN (ID) | MOVED TO | 7808 MCKINNY AVE #121 |
|---|---|---|---|
| | Name of Shipper or Consignee on Bill of Lading | | Name of Consignee |
| | 1666 CALLOWHILL # 309 | | DALLAS, TX 75204 |
| | Old Street Address | | New Street Address |
| | PHILADELPHIA CA 19130 | | |
| | City and State | | City and State |
| | N/A | | N/A |
| | Warehouse Name if Shipment Originated at Warehouse | | Warehouse Name if Delivered to Warehouse |

**IMPORTANT**
Was your shipment picked up from a storage facility?  Yes ☐  No ☑
Was your shipment delivered to a storage facility?  Yes ☐  No ☑
To expedite your claim, enter Bill of Lading No. shown on NATIONAL Bill of Lading _____
Did driver deliver any items that do not belong to you?  Yes ☐  No ☑  Please explain below.
To whom was claim first reported NATIONAL VAN LINES          Date reported 8/13/98
Loading date at residence 6/9/98          Delivery date 6/17/98
If claim is for breakage or shortage to items packed in container, give following information concerning those specific containers.
By whom packed DRIVER          By whom unpacked DRIVER MEN          Date unpacked 1/17/98
Was packing container or article claimed damaged in good condition?  Yes ☐  No ☑  Please explain below.
Date damage was discovered 8/1/98  Was driver aware of damage or shortage?  Yes ☐  No ☐  Explain below.
Date shortage was discovered _____ N/A          By whom discovered EVAN SORGIN
Did you carefully check items and condition of shipment against the inventory at the time of delivery before signing same?
**IMPORTANT — GIVE COMPLETE INFORMATION IN ALL COLUMNS. If Addl. space is needed use separate sheet of paper.**  FORM MUST BE SIGNED

| Inventory Number For Articles Claimed | Name of Item | Location and Extent of Damages (if loss so indicate) | Date Purchased | Original Cost | Weight of Item | Amount Claimed | Home Office Use Only Amount Paid | Adjusting Code |
|---|---|---|---|---|---|---|---|---|
| 71 | PIANO (cable) | BACK BROKEN | 11/94 | $1500 | | $1000 | | |
| | | DID NOT WORK BECAUSE | | (PART OF SET COST) | | | | |
| | | DRIVER PUT AGAINST WALL | | ($3275) | | | | |
| | | IN PASSAGE | | | | | | |
| | | | | | | | | |
| 290 | CREDENZA | FURNISH COPIES OF ANY DOCUMENTS WHICH SHOW ANY LOSS OR DAMAGE TOP AT THE TIME YOUR SHIPMENT WAS DELIVERED | | | | $900 | | |
| | | CORNER SCHUD DAMAGED | | | | | | |
| | | BOX SMASHED – PHOTOS ALL CLOSE SENT WITH OTHER CLAIM | | | | | | |
| * * | CLEANING OF COUCHES | | 7/14/98 | $359.48 | | | | |

The actual cash value of my shipment was $ > $25,000
**QUALITY CONTROL**      (DRIVER _____ ; PACKER _____ ; WHSE. _____ )
Were you satisfied with NATIONAL overall service?  Yes ☐  No ☑  If NOT we would sincerely appreciate your comments so we can take action.

PLEASE SEE FIRST CLAIM FORMS.
DRIVER WAS IRRESPONSIBLE, LAZY AND RUDE

The undersigning makes a solemn oath to the truth of statements contained herein. For the purpose of obtaining settlement on the above claim. I hereby
request $ _____ which is to be considered as a full release and discharge from any and all claims and demands against the carrier, his agents, or insurer of this shipment.  ALL OUTSTANDING CHARGES MUST BE PAID BEFORE CLAIM SETTLEMENT CAN BE MADE.
NOTARIZATION NOT REQUIRED ON CLAIMS TOTALING LESS THAN $200.00.          HOME #

STATE OF _____          (Area Code)   (Phone No.)          (214)320-9411
COUNTY OF _____                                            WORK # (214)760-0910
Sworn to before me this _____ day of _____ 19___          Signature of Claimant
_____ (Notary Public)                                     (Present Address)

My Commission expires _____          (City) _____ (State) _____ (Zip Code)

FORM 5419 REV. 9/97

06/17/2002 11:23 FAX 2158294219          DELANY & O'BRIEN                              ☑010

## NATIONAL — STATEMENT OF CLAIM

BROADVIEW, ILLINOIS 60153-3771
I. C. C. MC 42898

IF YOU COMPLETE THE SHORT CLAIM FORM, IT WILL
NOT BE NECESSARY TO COMPLETE THIS FORM

**ALL LOSS AND/OR DAMAGE MUST BE ON THIS FORM. NO ADDITIONAL CLAIM ACCEPTED**

| MOVED FROM | MOVED TO |
|---|---|
| Name of Shipper or Consignee on Bill of Lading | Name of Consignee |
| Old Street Address | New Street Address |
| City and State | City and State |
| Warehouse Name if Shipment Originated at Warehouse | Warehouse Name if Delivered to Warehouse |

**IMPORTANT**
Was your shipment picked up from a storage facility? Yes ☐ No ☒
Was your shipment delivered to a storage facility? Yes ☐ No ☒
To expedite your claim, enter Bill of Lading No. shown on NATIONAL Bill of Lading _____
Did driver deliver any items that do not belong to you? Yes ☒ No ☐ Please explain below
To whom was claim first reported _____ Date reported _____
Loading date at residence _____ Delivery date _____
If claim is for breakage or shortage of items packed in container, give following information concerning those specific containers: _____
By whom packed _____ By whom unpacked _____ Date unpacked _____
Was packing container of article claimed damaged in good condition? Yes ☐ No ☐ Please explain below
Date damage was discovered _____ Was driver aware of damage or shortage? Yes ☐ No ☐ Explain below
Date shortage was discovered _____ By whom discovered _____
Did you carefully check items and condition of shipment against the inventory at the time of delivery before signing same?

**IMPORTANT — GIVE COMPLETE INFORMATION IN ALL COLUMNS. If Add'l Space is needed use separate sheet of paper.**

ALL CLAIMS MUST BE SIGNED

| Inventory Number For Articles Claimed | Name of Item | Location and Extent of Damages (if loss so indicate) | Date Purchased | Original Cost | Weight of Item | Amount Claimed | Home Office Use Only Amount Paid | Adjusting Code |
|---|---|---|---|---|---|---|---|---|
| | | CRACK | | | | | | |
| | | GLASS | | | | | | |

**FURNISH COPIES OF ANY DOCUMENTS WHICH SHOW ANY LOSS OR DAMAGE AT THE TIME YOUR SHIPMENT WAS DELIVERED.**

(SEE ADDITION SHEETS)

The actual cash value of my shipment was $ _____
QUALITY CONTROL (DRIVER _____ PACKER _____ WHSE. _____
Were you satisfied with NATIONAL overall service? Yes ☐ No ☒ If NOT we would sincerely appreciate your comments so we can take action.

The undersigned makes a solemn oath to the truth of statements contained herein. For the purpose of obtaining settlement on the above claim I hereby request $ _____ which is to be considered as a full release and discharge from any and all claims and demands against the carrier, his agents, or insurer of this shipment. **ALL OUTSTANDING CHARGES MUST BE PAID BEFORE CLAIM SETTLEMENT CAN BE MADE.**

NOTARIZATION NOT REQUIRED ON CLAIMS TOTALING LESS THAN $200.00.

STATE OF Texas _____ (Date) _____ (Area Code) _____ Phone No. _____ HOME #
COUNTY OF Dallas _____ WORK #
Sworn to before me this _____ day of _____ (Signature of Claimant)
_____ (Notary Public) _____ (Present Address)
My Commission expires 12.12.55 _____ (City) _____ (State) _____ (Zip Code)

FORM 541B REV. 9/97

CLAIM TO NATIONAL
EVAN S. SOTROKIN B/L 111199

| INVENTORY # | NAME | DAMAGE | DATE PURCH | COST | CLAIMED |
|---|---|---|---|---|---|
| 221 | FRAMED PICTURE | LARGE GOUGE IN FRAME | ~1980's | $300 | $300 |
| 224 | BOX SPRING | KNIFE CUT (UNWRAPPING?) | 7/7/94 | $476.99 | $476.99 |
| 229 | GLASS TABLETOP | CHIPPED | 1995 | $100 | $100 |
| 12 SEE PHOTO | CUSTOM MADE TABLE | LEG CRACKED | 7/94 | $795 | $795 |
| * | PACKING MATERIALS | NOT PROVIDED | | $362.60 - 50% DISC | $181.30 |
| 120 SEE PHOTO | LAMP | DENTED | $49 | | $49 |
| 121 PHOTO | LAMP | DENTED/BROKEN | $49 | | $49 |

PLEASE SEE LETTER AND
MORE DETAILED EXPLANATION

Evan Sotrokin MD

06/17/2002 11:24 FAX 2158294219          DELANY & O'BRIEN                    ☑012

## PLEASE PRINT OR TYPE

**NATIONAL**
BROADVIEW, ILLINOIS 60153-3771
I.C.C. MC 42665

## STATEMENT OF CLAIM

IF YOU COMPLETE THE SHORT CLAIM FORM, IT WILL
NOT BE NECESSARY TO COMPLETE THIS FORM.

**ALL LOSS AND/OR DAMAGE MUST BE ON THIS FORM. NO ADDITIONAL CLAIM ACCEPTED.**

| MOVED FROM | EVAN SOROKIN MD | MOVED TO | 2808 MCKINLEY AVE #421 |
|---|---|---|---|
| | Name of Shipper or Consignee on Bill of Lading | | Name of Consignee |
| 1666 CARROWHILL #309 | | 2808 MCKINLEY AVE #421 | |
| Old Street Address | | New Street Address | |
| PHILADE PHIA PA 19130 | | DALLAS, TX 75204 | |
| City and State | | City and State | |
| N/A | | N/A | |
| Warehouse Name if Shipment Originated at Warehouse | | Warehouse Name if Delivered to Warehouse | |

**IMPORTANT**
Was your shipment picked up from a storage facility?   Yes ☐   No ☑
Was your shipment delivered to a storage facility?   Yes ☐   No ☑
To expedite your claim, enter Bill of Lading No. shown on NATIONAL Bill of Lading   11199
Did driver deliver items that do not belong to you?   Yes ☐   No ☑   Please explain below*
To whom was claim first reported   NATIONAL VAN LINES   Date reported   8/13/98
Loading date at residence   6/9/98   Delivery date   6/17/98
If claim is for breakage or shortage to items packed in container, give following information concerning those specific containers:
By whom packed   PARTIAL   By whom unpacked   DRIVER'S MEN   Date unpacked   6/17/98
Was packing container of article claimed damaged in good condition?   Yes ☐   No ☑   Please explain below*   * DRIVER SHOWN COUPLE
Date damage was discovered   8/1/98   Was driver aware of damage or shortage?   Yes ☐   No ☑   Explain below*   BUT NOT ALL ORE
EVAN SOROKIN
Date shortage was discovered   N/A   By whom discovered
Did you carefully check items and condition of shipment against the inventory at the time of delivery before signing same?   DRIVER DID NOT GIVE
TIME - ALL CLAIMS SECTION

**IMPORTANT — GIVE COMPLETE INFORMATION IN ALL COLUMNS. (If Addt'l. Space is needed use separate sheet of paper.)   BE SIGNED**

| Inventory Number For Articles Claimed | Name of Item | Location and Extent of Damages (If loss to indicate) | Date Purchased | Original Cost | Weight of Item | Amount Claimed | Home Office Use Only Amount Paid | Adjusting Code |
|---|---|---|---|---|---|---|---|---|
| 71 | ARMOIRE (CHERRY) | BACK BROKEN | 11/94 | $1000 | | $1000 | | |
| | | DID NOT NOTICE BECAUSE | | (PART OF SET COST 3475) | | | | |
| | | DRIVER PUT AGAINST WALL IN BROOM. | | RECEIPT ENCLOSED | | | | |
| 222 | COMPUTER | POWER SUPPLY DAMAGED | | | | $1900 | | |
| | | COMPUTER SCREEN DAMAGED | | | | | | |
| | | BOX SMASHED - PHOTOS ALL CLO Y SENT WITH OTHER CLAIM | | | | | | |
| ** | CLEANING OF COUCHES | | 7/14/98 | $389-48 | | | | |

**FURNISH COPIES OF ANY DOCUMENTS WHICH SHOW ANY LOSS OR DAMAGE AT THE TIME YOUR SHIPMENT WAS DELIVERED.**

The actual cash value of my shipment was $ 2$25 000
**QUALITY CONTROL**   (DRIVER _____ . PACKER _____ . WHSE. _____ )
Were you satisfied with NATIONAL overall service?   Yes ☐   No ☑   If NOT we would sincerely appreciate your comments so we can take action.

PLEASE SEE FIRST CLAIM FORMS
DRIVER WAS IRRESPONSIBLE, LAZY, AND RUDE.

The undersigned makes a solemn oath to the truth of statements contained herein. For the purpose of obtaining settlement on the above claim I hereby request $ 3289.48 which is to be considered as a full release and discharge from any and all claims and demands against the carrier his agents. It is agreed that ALL OUTSTANDING CHARGES MUST BE PAID BEFORE CLAIM SETTLEMENT CAN BE MADE.

NOTARIZATION NOT REQUIRED ON CLAIMS TOTALING LESS THAN $200.00.   8/20/98 (Date)   (214) 303 0911 (Area Code) (Phone No.)   HOME #

STATE OF   Texas   (214) 860 648   WORK #
COUNTY OF   Dallas
Sworn to before me this   20   day of   August   19 98   Evan Sorokin MD (Signature of Claimant)
3323 Harry Hines (Present Address)

06/17/2002 11:24 FAX 2158294219          DELANY & O'BRIEN                    ☑013

## PLEASE PRINT OR TYPE

 **NATIONAL**
BROADVIEW, ILLINOIS 60153-3771
I.C.C. MC 42686

### STATEMENT OF CLAIM

IF YOU COMPLETE THE SHORT CLAIM FORM, IT WILL
NOT BE NECESSARY TO COMPLETE THIS FORM.

ALL LOSS AND / OR DAMAGE MUST BE ON THIS FORM. NO ADDITIONAL CLAIM ACCEPTED.

| MOVED FROM | MOVED TO |
|---|---|
| Name of Shipper or Consignee or B/L of Lading Michelle Goldberg + Evan Sorcomb | Name of Consignee Michelle Goldberg |
| Old Street Address 1666 Callowhill St, Apt 309 | New Street Address 7000 Seawall Blvd, Foot 532 |
| City and State Philadelphia, PA 19130 | City and State Galveston, TX 77551 |
| Warehouse Name if Shipment Originated at Warehouse. | Warehouse Name if Shipment Delivered to Warehouse |

**IMPORTANT**
Was your shipment picked up from a storage facility?  Yes ☐  No ☒
Was your shipment delivered to a storage facility?  Yes ☐  No ☒
To expedite your claim, enter Bill of Lading No. shown on NATIONAL Bill of Lading  111199
Did driver deliver any items that do not belong to you?  Yes ☐  No ☒  Please explain below
To whom was claim first reported  National Van Lines - Cust. Serv.  Date reported  06-17-98
Loading date at residence  06-08/09 -- 98  Delivery date  06-20-98 (Guaranteed by
If claim is for breakage or shortage, list those packed in containers and the following information concerning those specific containers:  6-19-98)
By whom packed  driver  By whom unpacked  driver  Date unpacked  06-20-98
Was packing container or article claimed damaged in good condition?  Yes ☐  No ☐  Please explain below → wrapped in blanket
Date damage was discovered  06-20-98  Was driver aware of damage or shortage?  Yes ☐  No ☐  Explain below
Date shortage was discovered  By whom discovered
Did you carefully check items and condition of shipment against the inventory at the time of delivery before signing same?  yes
**IMPORTANT — GIVE COMPLETE INFORMATION IN ALL COLUMNS. (If Addl. Space is needed use separate sheet of paper.)** — ALL CLAIMS MUST BE SIGNED

| Inventory Number For Articles Claimed | Name of Item | Location and Extent of Damages (If loss so indicate) | Date Purchased | Original Cost | Weight of Item | Amount Claimed | Home Office Use Only | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Amount Paid | Adjusting Code |
| 71 | Armoire | Scratches on front doors crack | 8/90 | $799 | ? | $799 | 799 | |
| | see photos | | | | | | | |

Additional ☒ copies of any documents which show any loss or damage
Hotel for extra night  belongings not delivered (6/19-6/20) = $161.10
Dinner, evening 6/19

(SEE ADDITIONAL SHEETS)

The actual cash value of my shipment was $
**QUALITY CONTROL**  (DRIVER  Terry Clancy  PACKER  WHSE.  )
Were you satisfied with NATIONAL overall service?  Yes ☐  No ☒  If NOT we would sincerely appreciate your comments so we can take action
Delivery date & time changed several times, each with less than 24 hrs.
notice. Pickup originally at 930-1030 am did not begin until
430 pm. Confusion between what was paid for according to
estimate and that due at delivery. No boxes for bed at ___ pickup.
The undersigned makes a solemn oath to the truth of statements contained herein. For the purpose of obtaining settlement on the above claim. I hereby
request $  SEE OTHER SHEETS  which is to be considered as a full release and discharge from any and all claims and demands against the carrier
his agents, or insurer of this shipment.
NOTARIZATION NOT REQUIRED ON CLAIMS TOTALING LESS THAN $200.00.  #2/98  409-741-2952 — HOME #

STATE OF _____
COUNTY OF _____
Sworn to before me this _____ day of _____, 19 ___

7000 Seawall Blvd, # 532

06/17/2002 11:25 FAX 2158294219          DELANY & O'BRIEN                                    @014

PLEASE PRINT OR TYPE

**NATIONAL**
BROADVIEW, ILLINOIS 60153–3771
I.C.C. MC #2855

# STATEMENT OF CLAIM

IF YOU COMPLETE THE SHORT CLAIM FORM, IT WILL
NOT BE NECESSARY TO COMPLETE THIS FORM.

ALL LOSS AND/OR DAMAGE MUST BE ON THIS FORM OR NO ADDITIONAL CLAIM ACCEPTED. 214·303·0911

| MOVED FROM | EVAN SOROKINA | MOVED TO | EVAN SOROKIN |
|---|---|---|---|
| | Name of Shipper or Consignee on Bill of Lading | | Name of Consignee |
| | 1666 CALLOWHILL ST APT 309 | | 2808 McKINNEY AVE APT 421 |
| | Old Street Address | | New Street Address |
| | PHILADELPHIA, PA 19130 | | DALLAS TEXAS 75204 |
| | City and State | | City and State |
| | N/A | | N/A |
| | Warehouse Name if Shipment Originated at Warehouse. | | Warehouse Name if Delivered to Warehouse |

**IMPORTANT**
Was your shipment picked up from a storage facility? Yes ☐ No ☒
Was your shipment delivered to a storage facility? Yes ☐ No ☒
To expedite your claim, enter Bill of Lading No. shown on NATIONAL Bill of Lading 111199
Did driver deliver any items that do not belong to you? Yes ☐ No ☒ Please explain below
To whom was claim first reported NATIONAL VAN LINES Date reported 6/18/98
Loading date at residence 6/9/98 Delivery date 6/17/98
If claim is for breakage or shortage to items packed in container, give following information concerning those specific containers:
By whom packed DRIVER By whom unpacked DRIVER'S MGR Date unpacked 6/17/98
Was packing container of article claimed damaged in good condition? Yes ☐ No ☒ Please explain below
Date damage was discovered 6/17/98 Was driver aware of damage or loss? Yes ☒ No ☐ Explain below
Date shortage was discovered N/A By whom discovered NO DRIVER REFUSE
Did you carefully check items and condition of shipment against the inventory at the time of delivery before signing same? TO WAIT WHILE I CHECKED

**IMPORTANT — GIVE COMPLETE INFORMATION IN ALL COLUMNS. (If Addl. Space is needed use separate sheet of paper)**

SEE ADDITIONAL EXPLANATION

| Inventory Number For Articles Claimed | Name of Item | Location and Extent of Damages (If loss so indicate) | Date Purchased | Original Cost | Weight of Item | Amount Claimed | Home Office Use Only | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Amount Paid | Adjusting Code |
| 162 | ANTIQUE PITCHER | BROKEN HANDLE SEE PHOTOS 1-3 | ~1988 | $350 | | $350 | | |
| 122/124 | COUCHES | HOLES & SOILED | 7/28/94 | $404 | | $404 | | |
| 124 | COUCHES | SLASHED SIDE & SOILED | 7/28/94 | $404 | | $404 | | |
| 127 | CHAIR | FABRIC CUSHION STAIN | 1995 | $299 | | $299 | | |
| 123 | ANTIQUE QUILT STAND | BROKEN | 1994 | $500 | | $500 | | |
| 222 | MACINTOSH COMPUTER | BOX SMASHED COMPUTER | 1990 | $3200 | | $3200 | | |
| 223 | SONY STEREO | BOX SMASHED | 1989 | $499 | | $499 | | |
| 221 | ANTIQUE TEAPOT | CHIPPED + SCRAPED | 1935 | $500 | | $500 | | |

The actual cash value of my shipment was $ >25000
QUALITY CONTROL (DRIVER UNPROFESSIONAL PACKER INTOXICATED & UNPROFESSIONAL WHSE. N/A
Were you satisfied with NATIONAL overall service? Yes ☐ No ☒ If NOT we would sincerely appreciate your comments so we can take action.
SALES AGENT GOOD THEN ALL OTHER SERVICE UNPROFESSIONAL
DRIVER RUDE, PACKER DRUNK UNPROFESSIONAL/INTOXICATED,
CUSTOMER SERVICE UNABLE TO PROVIDE INFORMATION AS NEEDED

The undersigned makes a solemn oath to the truth of statements contained herein. For the purpose of obtaining settlement on the above claim, I hereby request $12,605.84 which is to be considered as a full release and discharge from any and all claims and demands against the carrier, his agents, or insurer of this shipment. ALL OUTSTANDING CHARGES MUST BE PAID BEFORE CLAIM SETTLEMENT CAN BE MADE.

**NOTARIZATION NOT REQUIRED ON CLAIMS TOTALING LESS THAN $200.00.**

7/11/98          214·303·0911          HOME # SPACE
(Date)          (Area Code) (Phone Number)
214·756·6498 WORK #
214·648·3311 FAX
Signature of Claimant

STATE OF _____

COUNTY OF _____
Sworn to before me this _____ day of _____ 19___
(Notary Public)                    (Present Address)

06/17/2002 11:26 FAX 2158294219        DELANY & O'BRIEN                                    ☑015

## PLEASE PRINT OR TYPE

**NATIONAL**

BROADVIEW, ILLINOIS 60153-3771
I.C.C. MC 42866

**STATEMENT OF CLAIM**

IF YOU COMPLETE THE SHORT CLAIM FORM, IT WILL
NOT BE NECESSARY TO COMPLETE THIS FORM.

ALL LOSS AND/OR DAMAGE MUST BE ON THIS FORM. NO ADDITIONAL CLAIM ACCEPTED. 214-303-091

| MOVED FROM | Name of Shipper or Consignee on Bill of Lading: **EVAN SOROKINA** | MOVED TO | Name of Consignee: **EVAN SOROKIN** |
|---|---|---|---|
| | Old Street Address: **1666 CALLOWHILL ST APT 309** | | New Street Address: **2808 MCKINNY AVG APT 421** |
| | City and State: **PHILADELPHIA, PA 19130** | | City and State: **DALLAS TEXAS 75204** |
| | Warehouse Name if Shipment Originated at Warehouse: **N/A** | | Warehouse Name if Delivered to Warehouse: **N/A** |

**IMPORTANT**
Was your shipment picked up from a storage facility? Yes ☐ No ☑
Was your shipment delivered to a storage facility? Yes ☐ No ☑
To expedite your claim, enter Bill of Lading No. shown on NATIONAL Bill of Lading **111199**
Did driver deliver any items that do not belong to you? Yes ☐ No ☑ Please explain below
To whom was claim first reported **NATIONAL VAN LINES** Date reported **6/18/98**
Loading date at residence **6/9/98** Delivery date **6/17/98**
If claim is for breakage or shortage to items packed in container, give following information concerning those specific containers:
By whom packed **DRIVER** By whom unpacked **DRIVER'S MAN** Date unpacked **6/17/98**
Was packing container of article claimed damaged in good condition? Yes ☐ No ☑ Please explain below
Date damage was discovered **6/17/98** Was driver aware of damage or loss? Yes ☐ No ☑ Explain below
Date shortage was discovered **N/A** By whom discovered
Did you carefully check items and condition of shipment against the inventory at the time of delivery before signing same? **NO. DRIVER REFUSED TO SIGN DRIVER LEFT ABRUPT**

**IMPORTANT — GIVE COMPLETE INFORMATION IN ALL COLUMNS. (If Addl. Space is needed use separate sheet of paper.)**

SEE ADDITIONAL EXPLANATION

| Inventory Number For Articles Claimed | Name of Item | Location and Extent of Damages (if loss so indicate) | Date Purchased | Original Cost | Weight of Item | Amount Claimed | Home Office Use Only |  |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Amount Paid | Adjusting Code |
| 162 | ANTIQUE PITCHER | BROKEN HANDLE SEE PHOTOS 1-3 | 1988 | $350 | — | $350 | | |
| 122/124 | COUCHES | 1 HOLES + SOILED | 7/28/94 | $404 | | $404 | | |
| 124 | COUCHES | SLASHED SIDE + SOILED SEE PHOTO 4-6 | 7/28/94 | $404 | | $404 | | |
| 127 | CHAIR | FABRIC CUSHION STAIN | 1995 | $129 | | $129 | | |
| 123 | ANTIQUE QUILT STAND | BROKEN INTO PIECES | 1994 | $500 | | $500 | | |
| 222 | MACINTOSH COMPUTER | BOX SMASHED + COMPUTER DAMAGED PHOTOS 9-11 | 1990 | $3200 | | $3200 | | |
| 223 | SONY STEREO | BOX SMASHED. COMPACT BROKEN PHOTO 12-13 | 1989 | $499 | | $499 | | |
| 221 | ANTIQUE DRESSER | CHIPPED + SCRAPED | 1935 | $500 | | $500 | | |

SEE ATTACHED The actual cash value of my shipment was $ **>$25000** QUALITY CONTROL (DRIVER **UNPROFESSIONAL** PACKER **INTOXICATED + UNPROFESSIONAL** WHSE. **N/A**

Were you satisfied with NATIONAL overall service? Yes ☐ No ☑ If NOT, we would sincerely appreciate your comments so we can take action. **SALES AGENT GOOD THEN ALL OTHER SERVICE UNPROFESSIONAL DRIVER LOUD, PACKER DRUNK, UNPROFESSIONAL / INTOXICATED, CUSTOMER SERVICE UNABLE TO PROVIDE INFORMATION AS NEEDED**

The undersigned makes a solemn oath to the truth of statements contained herein. For the purpose of obtaining settlement on the above claim, I hereby request $ **12,408 - 59** which is to be considered as a full release and discharge from any and all claims and demands against the carrier, its agents, or insurer of this shipment. ALL OUTSTANDING CHARGES MUST BE PAID BEFORE CLAIM SETTLEMENT CAN BE MADE.

NOTARIZATION NOT REQUIRED ON CLAIMS TOTALING LESS THAN $200.00.

(Date) **7/11/98** (Area Code) (Phone No.) **214-303-091** HOME #
**215-456-6498** WORK #

STATE OF _____

COUNTY OF _____
Sworn to before me this _____ day of _____ 19____

_____ (Notary Public)

_____ (Signature of Claimant)

_____ (Present Address)

06/17/2002 11:26 FAX 2158294219          DELANY & O'BRIEN                    ☑016

## PLEASE PRINT OR TYPE


BROADVIEW, ILLINOIS 60153-3771
I. C. C. MC #2866

### STATEMENT OF CLAIM

IF YOU COMPLETE THE SHORT CLAIM FORM, IT WILL
NOT BE NECESSARY TO COMPLETE THIS FORM.

**ALL LOSS AND / OR DAMAGE MUST BE ON THIS FORM. NO ADDITIONAL CLAIM ACCEPTED.**

| MOVED FROM | MOVED TO |
|---|---|
| *Michelle Goldberg + Evan Sorce* | *Michelle Goldberg* |
| Name of Shipper or Consignee on Bill of Lading | Name of Consignee |
| *1666 Callowhill St, Apt 309* | *7000 Seawall Blvd, Apt 532* |
| Old Street Address | New Street Address |
| *Philadelphia, PA 19130* | *Galveston, TX 77551* |
| City and State | City and State |
| Warehouse Name if Shipment Originated at Warehouse. | Warehouse Name if Delivered to Warehouse. |

**IMPORTANT**

Was your shipment picked up from a storage facility?  Yes ☐  No ☒
Was your shipment delivered to a storage facility?  Yes ☐  No ☒
To expedite your claim, enter Bill of Lading No. shown on NATIONAL Bill of Lading    *111199*
Did driver deliver any items that do not belong to you?  Yes ☐  No ☒  Please explain below:
To whom was claim first reported *National Van Lines - Cust. Service* Date reported *06-17-98*
Loading date at residence *06-08/09 - 98*          Delivery date *06-20-98 (Guaranteed by*
If claim is for breakage or shortage, complete information contained below giving information concerning those specific containers: *6-19-98)*
By whom packed *driver*                    By whom unpacked *driver*          Date unpacked *06-20-98*
Was packing container of article claimed damaged in good condition?  Yes ☐  No ☐  Please explain below *wrapped in blanket*
Date damage was discovered *06-20-98* Was driver aware of damage or shortage?  Yes ☐  No ☐  Explain below.
Date shortage was discovered _____ By whom discovered _____
Did you carefully check items and condition of shipment against the inventory at the time of delivery before signing same? *yes*
**IMPORTANT — GIVE COMPLETE INFORMATION IN ALL COLUMNS.** (If Addl. Space is needed use separate sheet of paper.)  ALL CLAIMS MUST BE SIGNED

| Inventory Number For Articles Claimed | Name of Item | Location and Extent of Damages (if loss so indicate) | Date Purchased | Original Cost | Weight of Item | Amount Claimed | Home Office Use Only | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Amount Paid | Adjusting Code |
| 71 | *armoire* | *scratches on front doors* | 8/90 | 799 | ? | $799 | | |
| | | *crack* *SEE PHOTOS* | | | | | | |

*Additional costs* SEE COPIES OF ANY DOCUMENTS WHICH SHOW ANY LOSS OR DAMAGE
*Hotel for extra night — belongings not delivered (6/19 - 6/20) = $166 $161.00*
*Dinner, evening 6/19*

*(SEE ADDITIONAL SHEETS)*

The actual cash value of my shipment was $ _____
QUALITY CONTROL     (DRIVER *Terry Cundy* PACKER _____ WHSE _____

Were you satisfied with NATIONAL overall service?  Yes ☐  No ☒  If NOT we would sincerely appreciate your comments so we can take action
*Delivery date & time changed several times, each with less than 24 hrs.
notice. Pickup originally at 9:30-10:30 am did not begin until
4:30 pm. Confusing between what was paid for according to
estimate and that due at delivery. No boxes for bed at either pickup.*

The undersigned makes a solemn oath as to the truth of statements contained herein. For the purpose of obtaining settlement on the above claim I hereby
request a _____ check to be considered as a full release and discharge from any and all claims and demands against the carrier,
his agents, or insurer of this shipment.

**NOTARIZATION NOT REQUIRED ON CLAIMS TOTALING LESS THAN $200.00.**   *6/2/98*   409-741-2952
STATE OF _____                                           (Date)   (Area Code)  (Phone No.)
COUNTY OF _____                                               *409-942-6930*
Sworn to before me this _____ day of _____ 19 ____       *7000 Seawall Blvd. #532*

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

EVAN S. SOROKIN,                          :
                                          :
                                          :
                          Plaintiff,      :
                                          :
              v.                          :   NO.
                                          :
NATIONAL VAN LINES, INC. AND              :
LNJ NATIONAL MOVERS,                      :
                                          :
                          Defendants.     :
                                          :

JUL  3 2002

<u>CERTIFICATE OF SERVICE</u>

I, Michael P. Malloy, Esquire, hereby certify that on this date I served a copy of the motion to dismiss plaintiff's complaint, proposed order, and memorandum of law in support of motion to dismiss plaintiff's complaint upon the following via first class mail, as follows:

Michael D. Shaffer, Esquire
325 Chestnut Street, Suite 1212
Philadelphia, PA 19106

Attorney for Plaintiff
Evan Sorokin

MICHAEL P. MALLOY

Dated: July 3, 2002