IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVAN S. SOROKIN, M.D. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-4434 |
| | : | |
| NATIONAL VAN LINES and | : | |
| LNJ NATIONAL MOVERS | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                          July ___ , 2002

      Plaintiff Evan S. Sorokin, M.D. brought this action against Defendants National Van Lines and LNJ National Movers in the Philadelphia Municipal Court, asserting claims of negligence, breach of contract, breach of warranty, and violations of the "Consumer Fraud Statute"[1] for damage allegedly caused to his property. Defendants removed the case to this Court on the basis of federal question jurisdiction. Now before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. Plaintiff has not responded to the Motion, which was filed and served on July 3, 2002.[2] For the following reasons, the Court will grant the Motion.

**I.       Background**

      In June 1998, Plaintiff moved from Philadelphia, Pennsylvania to Dallas, Texas, and contracted with Defendants to transport his property. According to the Complaint, which was

---

      [1]     Presumably, Plaintiff means to assert a claim pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1, et seq.

      [2]     "[A]ny party opposing [a] motion shall serve a brief in opposition . . . within fourteen (14) days after service of the motion. . . . In the absence of a timely response, the motion may be granted as uncontested." Local R. Civ. P. 7.1(c). "The Court recognizes that in its discretion, it could grant the motion as uncontested pursuant to Local Rule 7.1(c). However, the Court has declined to do so and instead has considered the motion on its merits." McCracken v. Ford Motor Co., Civ. A. No. 01-4466, 2001 U.S. Dist. LEXIS 19776, at *1 n.1 (E.D. Pa. Nov. 27, 2001).

filed on May 29, 2002, "[d]uring the move, the Defendants negligently and carelessly caused certain damages to Plaintiff's property." The Complaint alleges damages in the amount of $10,000.

## II.     Standard for Deciding a Motion to Dismiss

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

## III.    Analysis

Defendants argue that Plaintiff's claims, which arise under state law, are completely preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. The Court agrees, and will therefore grant the Motion to Dismiss.

"The Carmack Amendment imposes liability on a common carrier for the actual loss or injury to goods in an interstate commerce shipment." Beta Spawn, Inc. v. FFE Transp. Servs., Inc., 250 F.3d 218, 223 n.4 (3d Cir. 2001). "Congress in the Carmack Amendment in 1906 federalized, and thus made uniform, the law of common carrier liability in interstate commerce transactions." Howe v. Allied Van Lines, Inc., 622 F.2d 1147, 1157 (3d Cir. 1980).

"[I]mplied federal preemption may be found where federal regulation of a field is pervasive or where state regulation of a field would interfere with Congressional objectives." Abdullah v. Am. Airlines, Inc., 181 F.3d 363, 367 (3d Cir. 1999) (citing Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947); Silkwood v. Kerr-McGee Corp., 464 U.S. 238, 248 (1984)).  The Supreme Court has long held that with regard to the Carmack Amendment, "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it." Adams Express Co. v. Croninger, 226 U.S. 491, 505-06 (1913).  Thus, the Carmack Amendment completely preempts state law as to the liability of interstate common carriers such as Defendants.  See also Orlick v. J.D. Carton & Son, Inc., 144 F. Supp. 2d 337, 345 (D.N.J. 2001); Strike v. Atlas Van Lines, Inc., 102 F. Supp. 2d 599, 600 (M.D. Pa. 2000); Faust v. Clark & Reid Co., Civ. A. No. 94-4580, 1994 U.S. Dist. LEXIS 16743, at *3-*4 (E.D. Pa. Nov. 23, 1994).[3]

The Bill of Lading issued by Defendants for Plaintiff's move provides that "suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice." (Compl. Ex. 1.)  Pursuant to the Carmack Amendment, "[a] carrier may not provide by rule, contract, or otherwise, . . . a period of less than two years for bringing a civil action against it under this section.  The period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed

---

[3]     Accordingly, the action was properly removed to this Court as arising under federal law.  See Orlick, 144 F. Supp. at 344.

any part of the claim specified in the notice." 49 U.S.C. § 14706(e)(1). Thus, depending on when Defendants gave notice that they had disallowed Plaintiff's claim, Plaintiff may still be able to file a timely Carmack Amendment action. Accordingly, the Court will dismiss the Complaint without prejudice to Plaintiff's filing, within twenty days, an Amended Complaint that asserts a claim pursuant to the Carmack Amendment.

    An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EVAN S. SOROKIN, M.D.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 02-CV-4434** |
| | : | |
| **NATIONAL VAN LINES and** | : | |
| **LNJ NATIONAL MOVERS** | : | |

## ORDER

    **AND NOW**, this _____ day of July, 2002, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint (docket no. 2), for the reasons stated in the accompanying Memorandum, **IT IS ORDERED** that the Motion is **GRANTED** and that the Complaint is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's filing an Amended Complaint, within twenty (20) days of the date of this Order, that asserts a claim pursuant to the Carmack Amendment.

                                      **BY THE COURT:**

                                      _____
                                      **BRUCE W. KAUFFMAN, J.**